Filed 11/21/13  P. v. Anderson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058261 |
| v. | (Super.Ct.No. FMB008031) |
| SEAN ELLISON ANDERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Sean Ellison Anderson appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1] We will affirm the order.

## I

## BACKGROUND

Defendant was convicted in July 2006 of two counts of possession for sale of a controlled substance, to wit, methamphetamine (Health & Saf. Code, § 11378, counts 1 & 5); one count of possession of a controlled substance, to wit, methamphetamine, while armed with a loaded, operable firearm (Health & Saf.Code, § 11370.1, subd. (a), count 2); one count of child abuse likely to produce great bodily harm or death (§ 273a, subd (a), count 3); and one count of possession of a firearm by a felon (§ 12021, subd. (a)(1), count 4). The jury also found true that defendant was released from custody on bail at the time of the commission of the offenses in counts 1 and 3 (Pen. Code, § 12022.1), and that he had four prior convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court found that all four prior convictions constituted prior strike convictions under California law. (Pen. Code, § 667, subds. (b)-(i).)

In March 2007, the court sentenced defendant to 52 years to life in state prison with credit for time served as follows: consecutive 25-year-to-life terms on counts 1 and 5, plus two years for the on-bail enhancement. Another 25-year-to-life term was imposed

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

but stayed on count 2, and concurrent 25-year-to-life terms were imposed on counts 3 and 4.

On November 6, 2012, the electorate passed Proposition 36, also known as the "Three Strikes Reform Act." Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On November 28, 2012, defendant filed in propria persona a petition for resentencing under Penal Code section 1170.126. The court denied the petition on January 16, 2013, because defendant's current commitment offense for possession of a controlled substance while armed with a loaded, operable firearm is a serious and/or violent felony under Penal Code section 667, subdivision (e)(2)(C)(iii), which made him

ineligible for resentencing under Penal Code section 1170.126, subdivision (e)(2). Defendant filed a timely notice of appeal.

## III

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. However, he has filed a petition for writ of habeas corpus, requesting that the petition take place of a supplemental brief.[2] Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. Defendant's current conviction for possession of a controlled substance while armed with a loaded operable firearm is a serious and/or violent felony within the meaning of section 667, subdivision (e)(2)(C)(iii).

---

[2] The petition for writ of habeas corpus (case No. E059397) will be resolved by separate order. We deny defendant's request to consider the habeas corpus petition as a personal supplemental brief.

II

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

KING

J.

CODRINGTON

J.